# IN THE COURT OF APPEALS OF IOWA

No. 14-1688
Filed May 6, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIE JERMAINE TAYLOR SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.


        Willie Taylor appeals his judgment and sentence for interference with official acts.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, John P. Sarcone, County Attorney, and James Hathaway, Assistant County Attorney, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Willie Taylor appeals his conviction following his written guilty plea. On September 17, 2014, Taylor pleaded guilty to the offense of interference with official acts causing bodily injury, in violation of Iowa Code section 719.1(1) (2013). On October 1, Taylor was adjudged guilty of this offense and sentenced to one year of incarceration, with all but sixty days suspended. On appeal, Taylor argues his plea was invalid because he was not informed of his constitutional right to confront witnesses against him, in violation of Iowa Rule of Criminal Procedure 2.8(2)(b).

We conclude Taylor waived the right to challenge his guilty plea on appeal. To preserve a challenge to his guilty plea on appeal, the defendant was required to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). The defendant did not file a motion in arrest of judgment. He nonetheless contends that he may challenge his guilty plea because the district court failed to inform him that the failure to file a motion in arrest of judgment would preclude him from challenging his guilty plea on appeal. *See State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003). Here, the petition to plead guilty read in part:

> To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing. I understand that by seeking immediate sentencing I give up this right and forever waive my right to challenge this plea and to appeal this plea.

At the time of the plea, the second sentence of this paragraph was crossed out with a pencil or pen. It is clear from context and the procedural history of this

case that Taylor was advised of the need to file a motion in arrest of judgment and that the language in the petition was marked through only because Taylor did not seek immediate sentencing at the time of the plea. The court's order accepting the guilty plea, which was filed and personally served on the defendant on the date of his guilty plea, informed the defendant that he must file a motion in arrest of judgment to challenge his plea on appeal and the consequences for failing to do so. Taylor nonetheless failed to file a motion in arrest of judgment. He therefore waived his right to challenge his plea on appeal.

Even if error had been preserved, the claim is without merit. The defendant argues he was not advised of his right to confront and cross-examine witnesses. The defendant argues that the plea form advised him only of the "right to hear evidence against him." He argues the "right to hear evidence" is not the same as confrontation. That is all well and good except the defendant's appellate counsel wrenches the challenged language out of context. The full sentence actually reads, "I have a right to hear the evidence against me from the witnesses and subject them to cross-examination." The full advisory substantially complies with rule 2.8(2)(b). *See State v. Newell*, 710 N.W.2d 6, 24 (Iowa 2006) (setting forth policies of Confrontation Clause as preference for face-to-face confrontation and the right of cross-examination); *State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006).

We affirm the defendant's conviction and sentence without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**